[844 NYS2d 769]

In the Matter of JAMES M. JOYCE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*James M. Joyce,* Depew, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 15, 1987, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglecting client matters and commingling client funds with personal funds. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that he neglected the matters of two clients, failed to withdraw earned fees from his attorney trust accounts in a prompt manner, thereby commingling client funds with personal funds, and failed to maintain required records of client funds.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts to the client regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to the client in a prompt manner as requested by the client the funds in his possession that the client is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; and

DR 9-102 (d) (8) (22 NYCRR 1200.46 [d] [8])—failing to maintain checkbooks and check stubs, bank statements, pre-numbered cancelled checks and duplicate deposit slips.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

We have considered the matters submitted by respondent in mitigation, including that, at the time of the misconduct, he was preoccupied with the health problems of family members. Additionally, we have considered that respondent has revised his accounting procedures in order to prevent a recurrence of the misconduct and has expressed remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of censure entered.